UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENJAMIN L. EAGLE                                                                                  PLAINTIFF

v.                                          CASE NO. 4:09cv0320 BSM

JUDY S. HENRY, et al.                                                                           DEFENDANTS

ORDER

Arkansas Circuit Court Judge Willard Proctor, Jr., United States Bankruptcy Judge James G. Mixon, Pulaski County Circuit Clerk Pat O'Brien, and Commissioner Stephen Sipes request dismissal of plaintiff Benjamin L Eagle's complaint (Doc. Nos. 24, 32, 34). Eagle has responded to each motion (Doc. Nos. 39, 40, 41). For the reasons set forth below, defendants' motions are granted.

I. PROCEDURAL HISTORY

Eagle filed his complaint on May 5, 2009 alleging various violations of his constitutional rights and violations of his rights under 42 U.S.C. § 1983 (Doc No. 5). Eagle seeks money damages in the amount of $22,900,000 and unspecified punitive damages for loss of income, medical expenses, and emotional distress. He also seeks a grand jury investigation.

This complaint was filed shortly after the dismissal of Eagle's previous complaint against other non-public actors and after his motion to proceed *in forma pauperis* was denied (Case No. 4:09-cv-00272-BSM, Doc. No. 7). Although the current complaint adds these four public officials as defendants and adds a new 42 U.S.C. § 1983 allegation, the complaint is

merely a rehash of his previously dismissed complaint. His chief complaint remains that his constitutional rights were violated when his home was foreclosed on and when he was subsequently evicted from his home.

## II. FACTUAL BACKGROUND

On May 8, 2006, Eagle wrote a check in the amount of $59,590 to Bank of America to purchase a cashier's check. Eagle then used the cashier's check to pay off the mortgage on his home in Little Rock, Arkansas. The problem is that Eagle did not have $59,590 in his checking account and the check he wrote to Bank of America was returned for insufficient funds.

The check was returned to Bank of America on June 15, 2006, and it filed a complaint and notice of lis pendens against Eagle in Pulaski County Circuit Court. The case was assigned to Defendant Circuit Judge Willard Proctor. Defendant Henry represented Bank of America and Eagle represented himself *pro se*.

The circuit court issued a foreclosure decree on January 29, 2008, permitting Bank of America to foreclose on, and to liquidate, Eagle's property. Bank of America was also awarded $118,739.10 in damages plus prejudgment and post-judgment interest, and attorney's fees and costs. Pursuant to the foreclosure decree, Eagle's home was sold at public auction and purchased by Bank of America. Eagle was then evicted from the property.

Eagle filed a voluntary Chapter 7 bankruptcy petition on September 8, 2006 and the

case was assigned to Defendant U.S. Bankruptcy Judge Mixon, who lifted the automatic stay and permitted Bank of America to foreclose on the property. The bankruptcy court later determined that Bank of America's $118,739.10 money judgment against Eagle was not dischargeable. Eagle then filed a Chapter 13 bankruptcy petition which was dismissed.

Beginning in March 2009, Eagle made three improper attempts to remove the state court foreclosure action to federal court, but each attempt failed. On July 15, 2009, Eagle was warned that he faced sanctions if he continued those efforts.

### III. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

### IV. DISCUSSION

A.  Judicial Immunity

Judges are absolutely immune from liability for acts taken in conjunction with the execution of their judicial duties. *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). This

immunity applies even when the judge "is accused of acting maliciously and corruptly." *Id*. This protection extends to state court judges. *See Mullen v. Galati*, 843 F.2d 293 (8th Cir. 1988) (citing *Forrester v. White*, 484 U.S. 219 (1988)).

Judge Proctor is a state circuit judge who is a defendant because he issued a judgment and decree of foreclosure in the state action that led to seizure of Eagle's property and to Eagle's eviction. Judge Mixon is a United States Bankruptcy Judge who is a defendant because he was assigned Eagle's Chapter 7 bankruptcy case and he lifted the automatic stay and permitted Bank of America to foreclose on Eagle's property. These judges acted solely in their judicial capacity and within their jurisdiction. Eagle's claims against Judges Proctor and Mixon in their official capacities are thus barred by judicial immunity.

B.     Sovereign Immunity

Eagle's claims against Judges Mixon and Proctor are also barred by sovereign immunity. Sovereign immunity bars suits against the United States, its agencies and its employees in their official capacities. *FDIC v. Meyer,* 510 U.S. 471 (1994). In that the United States has not waived its sovereign immunity with respect to Eagle's claims for monetary damages, his claims against Judge Mixon are barred. The Eleventh Amendment to the United States Constitution bars suits brought in federal court by an individual against a state. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Judge Proctor is an employee of a state agency, the Sixth Judicial District, and thus a suit against him in his official capacity is a suit against the state of Arkansas. Eagle's suit against Judge Proctor in


his official capacity is therefore barred by sovereign immunity.

C.  Qualified Immunity

State officials sued in their individual capacity are entitled to qualified immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Scott v. Harris*, 550 U.S. 372, 376 (2007). In considering whether an officer is entitled to qualified immunity, it must be determined "whether the plaintiff's allegations amount to a constitutional violation, and whether that right was clearly established." *Nelson v. Corr. Med. Serv.'s,* 533 F.3d 958, 962 (8th Cir. 2008) (quoting *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 526 (8th Cir. 2007)). "Qualified immunity is not just a defense to liability, it constitutes immunity from suit." *Id*. Qualified immunity is a question of law for the court. *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007). "Whether an official is entitled to qualified immunity depends upon the objective legal reasonableness of the official's actions assessed in light of the legal rules that were clearly established at the time of the actions in question." *Id*. (citing *Anderson v. Creighton,* 483 U.S. 635, 639 (1987)) (internal quotation marks omitted).

Judge Proctor acted reasonably, in complete compliance with the jurisdiction bestowed upon him by state law, and with respect to Eagle's constitutional rights. Eagle's suit against Judge Proctor in his individual capacity is thus barred by qualified immunity.

D.  Quasi-Judicial Immunity for O'Brien and Sipes

Pat O'Brien is the Pulaski County Circuit Clerk who records deeds, mortgages, liens,

surety bonds, and other orders and instruments involving property within the county. Stephen Sipes is a county commissioner in O'Brien's office who issued a commissioner's deed on Eagle's property. Pursuant to Judge Proctor's foreclosure decree, O'Brien and Sipes conducted a sale of Eagle's property and applied the proceeds of the sale to the judgment against Eagle in state court.

"[C]ourt officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damage." *Roach v. Madden*, 728 F.2upp 537 (E.D. Ark. 1989). "Persons who perform quasi-judicial functions are entitled to absolute immunity." *Dunham v. Wadley*, 195 F.3d 1007 (8th Cir. 1999). Officials are entitled to quasi-judicial immunity for "acts they are specifically required to do under court order or at a judge's discretion." *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir. 1988). O'Brien and Sipes acted according to a foreclosure decree when they conducted a sale of Eagle's home and when they applied the proceeds of the sale to the state court judgment against Eagle. They were required to perform these acts by a court order. Even if the order was found to be invalid later, O'Brien and Sipes would still enjoy immunity. *Valdez v. City and County of Denver*, 848 F.2d 1285 (10th Cir. 1989). O'Brien and Sipes are protected from Eagle's suit by quasi-judicial immunity.

For all of the reasons set forth herein, Eagle's claims against Judge Proctor, Judge Mixon, O'Brien, and Sipes are barred because all defendants are immune from suit. Eagle's claims are dismissed for failure to state a claim for which relief can be granted under Fed.

R. Civ. Pro. 12(b)(6).

    IT IS SO ORDERED this 30th day of October, 2009.

                                                       _____
                                                       UNITED STATES DISTRICT JUDGE