## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**BENJAMIN L. EAGLE**                                                         **PLAINTIFF**

**v.**                         **CASE NO. 4:09cv0320 BSM**

**JUDY S. HENRY, et al.**                                          **DEFENDANTS**

### AMENDED ORDER

Defendants Judy S. Henry, Kimberly W. Tucker, Wright, Lindsey & Jennings, L.L.P., Bank of America, and Nancy Hollis ("defendants") move to dismiss the complaint of plaintiff Benjamin L Eagle and for the imposition of sanctions against Eagle (Doc. No. 19) and Eagle has responded to the motion (Doc. Nos. 45, 50). For the reasons set forth below, both of defendant's motions are granted.

### I. PROCEDURAL HISTORY

Eagle filed his complaint on May 5, 2009 alleging various violations of his constitutional rights and violations of his rights under 42 U.S.C. § 1983 (Doc No. 5). Eagle seeks money damages in the amount of $22,900,000 and unspecified punitive damages for loss of income, medical expenses, and emotional distress. He also seeks a grand jury investigation.

The complaint herein was filed shortly after a previous complaint filed by Eagle against these defendants was dismissed and after his motion to proceed *in forma pauperis* was denied (Case No. 4:09-cv-00272-BSM, Doc. No. 7). Although the current complaint adds four public officials as defendants and adds a new 42 U.S.C. § 1983 allegation, the

complaint is merely a rehash of his previously dismissed complaint. His chief complaint remains that his constitutional rights were violated when his home was foreclosed on and when he was subsequently evicted from his home.

## II. FACTUAL BACKGROUND

On May 8, 2006, Eagle wrote a check in the amount of $59,590 to Bank of America to purchase a cashier's check. Eagle then used the cashier's check to pay off the mortgage on his home in Little Rock, Arkansas. The problem is that Eagle did not have $59,590 in his checking account and the check he wrote to Bank of America was returned for insufficient funds.

The check was returned to Bank of America on June 15, 2006, and it filed a complaint and notice of lis pendens against Eagle in Pulaski County Circuit Court. The case was assigned to Defendant Circuit Judge Willard Proctor. Defendant Henry represented Bank of America and Eagle represented himself *pro se*.

The circuit court issued a foreclosure decree on January 29, 2008, permitting Bank of America to foreclose on, and to liquidate, Eagle's property. Bank of America was also awarded $118,739.10 in damages plus prejudgment and post-judgment interest, and attorney's fees and costs. Pursuant to the foreclosure decree, Eagle's home was sold at public auction and purchased by Bank of America. Eagle was then evicted from the property.

Eagle filed a voluntary Chapter 7 bankruptcy petition on September 8, 2006 and the

case was assigned to Defendant U.S. Bankruptcy Judge Mixon, who lifted the automatic stay and permitted Bank of America to foreclose on the property. The bankruptcy court later determined that Bank of America's $118,739.10 money judgment against Eagle was not dischargeable. Eagle then filed a Chapter 13 bankruptcy petition which was dismissed.

Beginning in March 2009, Eagle made three improper attempts to remove the state court foreclosure action to federal court, but each attempt failed. On July 15, 2009, Eagle was warned that he faced sanctions if he continued those efforts.

### III. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

### IV. DISCUSSION

It seems that in filing his new complaint with additional governmental defendants, Eagle seized upon the court's reasoning in its order dismissing his prior complaint. In that order, it was noted that to obtain the relief Eagle sought pursuant 42 U.S.C. § 1983, he would

have to show "not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005). Eagle now asserts that the private actor defendants he previously sued conspired with four public actors, including the circuit judge and the bankruptcy judge, to deprive him of his constitutional rights.

To state a case of conspiracy the "allegations of conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). "The factual basis need not be extensive, but it must be enough to avoid a finding that the suit is frivolous." *Id.* Although one can find much sympathy for Eagle, given the fact that he has lost his home, there is absolutely nothing in this complaint, nor in his previous complaint, indicating that the defendants had a meeting of the minds to conspire against him. Indeed, he merely alleges, without factual support, that Sipes acted "at the direction of Judy Henry." Compl., 6. Eagle alleges that Henry used "close ties and undue influence" with Judge Mixon "to help her gain the tactical edge," in the foreclosure proceedings against Eagle. *Id.* at 10. Eagle claims that in return, Judge Mixon suspended "established court room procedure and protocol, to give the defendant Judy Henry all the tactical advantage he could muster." *Id.* at 14. Eagle even alleges that a "symbiotic or nexus relationship" existed between Henry and the public official defendants. Pl.'s Resp., 2. He further alleges that a "special relationship," or a "special bond," was shared

by all defendants in their effort to "wnatonly [sic] and intentionally inflict intentional emotional distress upon the Plaintiff." Pl.'s Resp., 7.

The defendants requesting dismissal are all private actors, and Eagle's allegations fail to meet the *Dossett* standard set forth above and in the order dismissing his previous complaint. Accordingly, plaintiff's case is hereby dismissed for failure to state a claim for which relief can be granted under Fed. R. Civ. Pro. 12(b)(6).

## V. SANCTIONS

Defendants ask for the imposition of sanctions against Eagle in the form of restrictions on future filings against the defendants. The defendants' request is granted.

Courts have discretion to place reasonable restrictions on litigants who abuse the judicial process. *In re Tyler*, 839 F.2d 1290, 1290-95 (8th Cir. 1988) (per curiam) (affirming district court's order limiting inmate to single monthly filing in district court because of inmate's flagrant and repeated abuse of judicial process). Eagle has unsuccessfully attempted to remove state court proceedings from state court to federal court on four occasions, once in 2008 and three times in 2009. Indeed, Judge William R. Wilson warned Eagle that he may face sanctions if he continues to remove cases to federal court.

Everything Eagle has filed in federal court, from his four previous cases to this one, indicate that he simply does not understand the law or his rights and that he does not care to learn what his rights are or what the law provides. His filings show that he is angry that his home was foreclosed and that he is very upset with the defendants and simply wants to harass

them. Eagle's actions are simply inappropriate because courts are not instruments of harassment, they are vehicles in which honest disputes are to be resolved.

Accordingly, the Clerk of the Court is directed to no longer accept any filings from Mr. Benjamin L. Eagle against these defendants or against any defendants without approval from the court.

IT IS SO ORDERED this 30th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE