UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BENJAMIN L. EAGLE**                                                      **PLAINTIFF**

v.                      **CASE NO. 4:09cv0320 BSM**

**JUDY S. HENRY, et al.**                                       **DEFENDANTS**

**ORDER**

Plaintiff Benjamin L. Eagle's motion for reconsideration of the October 30, 2009 orders dismissing his claims against all defendants (Doc. Nos. 86, 88) is denied.

Motions for reconsideration may be granted pursuant to Federal Rule of Civil Procedure 59(e) and 60(b). Eagle does not state the rule upon which he relies, so his motion is liberally construed and examined under both Rules 59(e) and 60(b) because he is pro se. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro St. Louis. Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286. Rule 60(b) motions are appropriate when a party seeks relief from a final judgment to correct a mistake, to introduce newly discovered evidence, to show that a fraud has been perpetrated upon the court, or for any other justifiable reason. Fed.R.Civ.P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. Of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005).

In his motion for reconsideration, Eagle asserts that the court abused its discretion by failing to permit him to conduct discovery. Although Eagle repeatedly asserts that the court erred in finding that his clearly established rights were not violated by defendants, he points to no specific mistakes or manifest errors of law that satisfy Rule 59(e) or 60(b). Indeed, Eagle does not address the central findings in the October 30, 2009 orders, which are that the public actors are immune from suit and the private actors did not have a "meeting of the minds" with the public actors to conspire against Eagle. Further, nothing in the record supports a claim of "manifest errors of law or fact" or "exceptional circumstances."

For the reasons set forth above, reconsideration of the October 30, 2009 orders is improper. Therefore, Eagle's motion for reconsideration (Doc. No. 94) is denied.

IT IS SO ORDERED this 2nd day of December, 2009.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE